UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FREDDIE WILSON,

v.                                                                  Case No. 8:13-mc-11-T-27AEP

UNITED STATES OF AMERICA
_____/

## REPORT AND RECOMMENDATION

Before the Court is Movant Freddie Wilson's Motion to Return Property (Dkt. No. 1), the United States' Response in Opposition (Dkt. No. 2), and Movant's Reply (Dkt. No. 4). By the motion, Plaintiff seeks the return of a 2011 Chevy Camaro (the "Camaro")[1] pursuant to Rule 41(g), Federal Rules of Criminal Procedure. The Camaro was seized on January 23, 2013, by the Internal Revenue Service's Criminal Investigation Division (referred to herein simply as the "IRS") pursuant to a federal seizure warrant authorized by this Court in Case No. 8:13-MJ-1029-TBM. For the reasons that follow, the motion should be denied and the case should be closed.

Under Rule 41(g), an individual aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return by filing a motion in the district where the property was seized. Fed. R. Crim. P. 41(g). A Rule 41(g) motion is treated as a civil action in equity. *United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005). In seeking the return of property under Rule 41(g), a movant must demonstrate that he or she has a possessory interest in the seized property and that he or she has "clean hands" with respect to

---

[1] The Camaro has Vehicle Identification Number 2G1FC1ED7B9164110, Florida Tag No. BLQ-K09, and is registered in the name of Freddie Wilson.

that property. *United States v. Garcon*, 406 Fed. App'x 366, 369 (11th Cir. 2010); *see Howell*, 425 F.3d at 974 ("In order for an owner of property to invoke Rule 41(g), he must show that he had a possessory interest in the property seized by the government. ... Furthermore, in order for a district court to grant a Rule 41(g) motion, the owner of the property must have clean hands.").

Here, the United States asserts that Movant's motion is premature and unnecessary and that the Court lacks subject matter jurisdiction over this matter. Namely, on February 15, 2013, the IRS initiated an administrative forfeiture action and sent notices to both Movant and Movant's counsel regarding such forfeiture action. As a result, and as the United States properly asserts, Movant has an adequate remedy at law for contesting the seizure of the Camaro in the IRS administrative forfeiture proceeding, which thus renders his Rule 41(g) motion seeking equitable relief unnecessary. *See, e.g., United States v. Elias*, 921 F.2d 870, 872-75 (9th Cir. 1992); *see also United States v. Watkins*, 120 F.3d 254, 256 (11th Cir. 1997). Further, since Movant filed his motion prior to receiving the notices from the IRS, the Rule 41(g) motion was premature.

Furthermore, as numerous courts have held, the initiation and notice of an administrative forfeiture action divests a district court of its jurisdiction over a Rule 41(g) motion for return of property. *See United States v. One 1987 Jeep Wrangler Auto.*, 972 F.2d 472, 479 (2d Cir. 1992); *United States v. Hernandez*, 911 F.2d 981, 982-83 (5th Cir. 1990); *Linarez v. U.S. Department of Justice*, 2 F.3d 208, 211-14 (7th Cir. 1993); *see, generally, Elias*, 921 F.2d at 872-75; *Watkins*, 120 F.3d at 255-56. Notwithstanding, Movant requests that this Court adopt a more liberal stance regarding equitable jurisdiction and thus conclude that the initiation of administrative forfeiture proceedings does not automatically divest a court's jurisdiction over a Rule 41(g) motion. *See,*

*e.g., Floyd v. United States*, 860 F. 2d 999 (10th Cir. 1988).  I find this argument unpersuasive in light of the above-cited authority and therefore recommend that the Court deny Movant's motion upon the jurisdictional basis.

Beyond the jurisdictional issue, Movant's motion should also be denied because it is procedurally inappropriate.  Specifically, absent the initiation of more substantive criminal proceedings, a Rule 41(g) motion must be filed as an "independent civil action."[2]  *In re Search of a Single-Family Residence*, No. 3:07-mc-6-J-32HTS, 2007 WL 2114286, *2 (M.D. Fla. July 20, 2007) (citations omitted).  Accordingly, the filing of the instant motion in a miscellaneous case is procedurally improper.  After due consideration, therefore, it is hereby

RECOMMENDED:

1. Plaintiff's Motion to Return Property (Dkt. No. 1) be DENIED.

2. The Clerk be directed to close the case.

IT IS SO REPORTED in Tampa, Florida, on this 2nd day of April, 2013.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record

---

[2] Notably, on February 5, 2013, the date Plaintiff filed the instant motion, no underlying criminal action was pending.  Since the filing of the motion, however, Plaintiff was arrested on March 29, 2013, pursuant to a Criminal Complaint in Case No. 8:13-MJ-1211-TBM.  The Criminal Complaint Affidavit in that action specifically referenced the Camaro and alleged that Plaintiff purchased the Camaro with monies fraudulently obtained by the filing of false tax returns.  *See* Case No. 8:13-MJ-1211-TBM, Dkt. No. 1 at 5-6.

3